IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES P. PARFAIT, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-364 |
| | § | |
| CANDY FLEET CORP. and | § | |
| CANDY STORE, LLC, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case arises out of injuries allegedly suffered by James Parfait ("Plaintiff") while aboard the M/V CANDY STORE. Now before the Court is Defendants' Motion for Summary Judgment. For the reasons outlined below, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.[1]

**I. Summary Judgment Standard**

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "The mere existence of a scintilla of evidence in support of the

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252, 106 S. Ct. at 2512. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* at 247-48, 106 S. Ct. at 2510.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

## II. Analysis

Defendants argue that Plaintiff was not a Jones Act seaman at the time of his injury, and all of his claims should therefore be dismissed. Although Plaintiff's Complaint does allege a claim under the Jones Act, his Response to Defendant's Motion asserts no facts which would support Jones Act seaman status. In fact, the Response virtually admits that the claims based on seaman status should be dismissed. Accordingly, Plaintiff cannot maintain any cause of action based on his status as a seaman.

Plaintiff's Response is instead focused on the argument that his **entire case** should not be dismissed since he also asserted claims pursuant to "the general maritime law of the United States." Specifically, Plaintiff asserts that he wishes to pursue negligence claims under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). Defendants do not provide the Court with any argument that claims made pursuant to the LHWCA should be dismissed.

The Court, in keeping with the Parties' respective arguments, finds that Plaintiff was not a Jones Act seaman at the time of his injury. Accordingly, he cannot proceed on a claim for

unseaworthiness or maintenance and cure. However, he can maintain a claim under the LHWCA.

Having analyzed the briefing submitted by both Parties in conjunction with this Motion, the Court notes that there is no disagreement between the Parties on any of the relevant issues. The resolution ordered by the Court in one that the Parties could have more efficiently come to on their own through a relatively brief discussion among counsel. The filing of this Motion was a classic battle of the form files between two excellent admiralty lawyers who generally get along. The Court respectfully suggests a phone call between counsel to resolve future disputes of like kind.

### III. Conclusion

For the reasons outlined above, Defendants' Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims based on seaman statues, including those for unseaworthiness and maintenance and cure, are hereby **DISMISSED WITH PREJUDICE**. Plaintiff's other claims remain. However, Plaintiff is **ORDERED** to amend his Complaint to specifically state the causes of action he is pursuing. Such amendment is to be completed and filed with the Court within five (5) business days of the date of this Order. All Parties are to bear their own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 28th day of March, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge